IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **DONALD PAUL LeMAY,** | ) |
| **Plaintiff,** | ) ) ) |
| **vs.** | ) CAUSE NO. 2:06-CV-185 ) ) |
| **ROGELIO DOMINGUEZ,** *et al.* | ) ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. For the reasons set forth below, Donald Paul LeMay's complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. section 1915A.

DISCUSSION

Donald Paul LeMay ("LeMay"), a *pro se* prisoner, submitted a complaint under 42 U.S.C. section 1983. Pursuant to 28 U.S.C. section 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v.*

*Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

LeMay alleges he was attacked and raped by another inmate while he was a pre-trial detainee housed in the Lake County Jail in May or June 2004. Although the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes, and although the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). Under the

Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992)(citations omitted). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d

344, 347 (7th Cir. 1991).  It is not enough to show that a defendant merely failed to act reasonably.  *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).  Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur.  *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985).  Thus, the right to reasonable protection does not include the right to protection from random acts of violence.  *See*, *McGill*, 944 F.2d at 348-49.

LeMay did not know that he was going to be attacked and therefore he did not warn anyone or ask for protection.  LeMay alleges that his attacker had been recently released from segregation where he had been confined because he had similarly attacked another inmate.  LeMay alleges that Defendants should have known that his attacker was dangerous, but "[p]risons are dangerous places" and "[s]ome level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do." *McGill*, 944 F.2d at 346, 348.

Defendants did not ignore the prior attack committed by LeMay's attacker. If they had ignored the prior attack, then perhaps they might have been deliberately indifferent.  But, the attacker was punished by being placed in segregation.

Although LeMay alleges he was the victim of a heinous crime, the facts alleged by him in this complaint do not indicate Defendants were deliberately indifferent to their obligation to protect him from attacks from other inmates.  Perhaps they were negligent and should

have known that his attacker was dangerous or perhaps their actions in releasing him from segregation were unreasonable, but neither constitute deliberate indifference.  The facts alleged do not support an allegation that Defendants wanted harm to come to LeMay.  As unfortunate and regrettable as the attack was, the Constitution imposes no liability for it on these Defendants.

CONCLUSION

For the reasons set forth above, LeMay's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. section 1915A.

**DATED:  May 25, 2006**                    **/s/RUDY LOZANO, Judge**
                                            **United States District Court**